**STATE of Iowa, Appellee,**

v.

**William M. SLAWSON, Jr., Appellant.**

**No. 54759.**

Supreme Court of Iowa.

Oct. 18, 1972.

Stewart A. Huff, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and William S. Sturges, County Atty., LeMars, for appellee.

Submitted to MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS, and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, William M. Slawson, Jr., appeals following his plea of guilty and sentence for unlawful possession of hallucinogenic drugs as charged in indictment number 2263–A in Plymouth County, Iowa. We affirm.

This is a companion case with State v. Jay Clark Christensen in which our opinion is being filed simultaneously herewith. The facts, indictment, guilty plea, trial court's interrogation, sentence, appeal and the five assigned errors stated in detail in Christensen are in all material respects the same in this case. They need not be repeated here.

In Christensen we hold the five assigned errors are without merit and affirm the judgment and sentence. That holding is decisive of the same errors as assigned here by Slawson. He however assigns an additional error. He argues the trial court failed to comply with the "Sisco Rule" in determining he understood the nature of the charge against him. We do not agree.

On December 10, 1969 defendant and Christensen were arrested in LeMars and charged with possession of hallucinogenic drugs. On preliminary hearing each was bound over to the district court. Following indictment defendant was arraigned on January 10, 1970 on indictment number 2263–A charging him with unlawful possession of hallucinogenic drugs. He was also arraigned on two other indictments on related charges, numbered 2257–A and 2264–A.

The charge in number 2257–A, having been previously assigned, was called for trial on April 28, 1970. His trial counsel then asked that matter be continued and asked that defendant's plea of not guilty to the particular charge in indictment number 2263–A be withdrawn. He stated defendant wished to enter a plea of guilty in lieu thereof.

The trial judge then conducted a thorough oral examination of defendant in the three areas required by State v. Sisco, Iowa, 169 N.W.2d 542. The court's interrogation includes:

"Q. Now your counsel, Mr. Nelson, informs me that you wish to withdraw your plea of not guilty and plead guilty to the offense charged. Is that your wish? A. Yes, sir. * * *.

"Q. Have you been satisfied with the representation Mr. Nelson has made in your behalf in this case? A. Yes, sir. He has been very helpful. * * *.

"Q. Has anyone by duress or threat or otherwise, * * *, caused you to change your mind about this plea or is it your own free will? A. I have consulted others for their opinions, for opinions other than my own.

"Q. Yes, sir. And —? A. I have changed my mind on my own free will. * * *.

"Q. And knowing all these things now do you still wish me to make a record entry of the withdrawal of your plea of not guilty and enter your plea of guilty to the offense charged? A. Yes, sir."

After acceptance of the guilty plea, on defense counsel's motion, indictments 2257–A and 2264–A were continued by the court without date.

We have carefully read the abstract of record, the trial court transcript of the guilty plea proceeding and the subsequent sentencing proceeding and find not the slightest indication defendant lacked knowledge of the charge to which he entered the guilty plea. During the court's sentencing interrogation defendant admit-

ted acts constituting the offense to which he pleaded guilty. It seems clear defendant understood the charge to which he was pleading guilty.

We find no reversible error and therefore hold the judgment and sentence of the trial court must be affirmed.

Affirmed.